# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KECIA ROSTOCIL, | Case No. 3:12-cv-01526-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On April 2, 2014, this Court reversed the decision of the Commissioner of the Social Security Administration ("Commissioner") denying the application of Plaintiff Kecia Rostocil for Disability Insurance Benefits and remanded for an award of benefits. Dkt. 29. Plaintiff now moves this Court for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *et seq.* Dkts. 31, 38.[1] The Commissioner contests Plaintiff's motion and argues

---

[1] Plaintiff originally sought attorney's fees in the amount of $4,626.43. She then supplemented her original request to include additional fees incurred litigating the fee award. Dkt. 38. It is "well established that time spent in preparing fee applications" is also compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quoting *Anderson v. Director, OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996) (quotation marks omitted)). The Court notes that Plaintiff calculates her fees requested at the 2012 EAJA hourly rate, even though work was performed on the case in 2013 and 2014, both of which have higher hourly rates. The Court

that the Commissioner's position was substantially justified. Dkt. 35. For the reasons discussed below, the Court grants Plaintiff's motion and awards fees in the amount of $6,303.74.

## STANDARD OF REVIEW

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

A court applies a reasonableness standard in determining whether the government's position was substantially justified. *Flores*, 49 F.3d at 569; *see also Al-Harbi v. INS,* 284 F.3d 1080, 1084 (9th Cir. 2002) ("'Substantial justification' in this context means 'justification to a degree that could satisfy a reasonable person.'") (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The government has the burden of proving its positions were substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). It must demonstrate that its position had a reasonable basis in both law and fact. *Flores*, 49 F.3d at 569-70; *see also*

---

grants fees in the amount requested and, accordingly, does not calculate the work performed during 2013 and 2014 at the higher hourly rates.

*Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (noting that "'substantial justification is equated with reasonableness. . . . The government's position is substantially justified if it has a reasonable basis in law and fact.'" (quoting *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1459 (9th Cir. 1988) (alteration in original))). The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citation and quotation marks omitted); *Lewis*, 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Gutierrez*, 274 F.3d at 1259.

The government's failure to prevail in its position on the underlying issues is not dispositive of the issue of whether the government's position was "substantially justified." *See, e.g.*, *Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). A court's finding that an agency decision was unsupported by substantial evidence is, however, "a strong indication" that the position of the United States in the litigation was not substantially justified. *Thangaraja*, 428 F.3d at 874. "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Id.* (quoting *Al-Harbi*, 284 F.3d at 1085).

Under the EAJA, if the government's position is not substantially justified, the court has discretion to determine whether the requested fees are reasonable. *See Comm'r, INS v. Jean*, 496 U.S. 154, 160-61 (1990) (the court has similar discretion under the EAJA to determine the reasonableness of fees as it does under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, as described in *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)); *U.S. v.*

*Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009) (fees requested under the EAJA must be

reasonable); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (discussing the *Jean* clarification

that the *Hensley* analysis applies to EAJA cases). One factor a court must consider in this

analysis is the results obtained. *See Atkins*, 154 F.3d at 989 (the results obtained factor of the

*Hensley* fee analysis applies to cases under the EAJA). The Ninth Circuit has cautioned that

district courts may not reduce requested fees in social security disability appeals without

providing relatively specific reasons. *Costa v. Comm'r Soc. Sec. Admin*., 690 F.3d 1132, 1136-37

(9th Cir. 2012).

## DISCUSSION

### A.  Substantial Justification

The Commissioner contends that her position was substantially justified because it had

both a reasonable basis in law and a reasonable basis in fact. The Commissioner asserts

arguments relating to Plaintiff's arguments before this Court that were not the basis for the

Court's remand for an award of benefits. Facts relating to those arguments are not relevant to the

analysis of whether the Commissioner's position was substantially justified with respect to the

ground on which the Court reversed the Commissioner's decision and remanded for an award of

benefits. The Court found that the Administrative Law Judge ("ALJ") failed to provide clear and

convincing reasons to discount Plaintiff's testimony regarding her limitations caused by her

fibromyalgia. The Court found that if Plaintiff's testimony regarding these limitations were

credited as true, no outstanding issues remained and Plaintiff was disabled. Although the Court

found other errors in the ALJ's opinion, those other errors involved outstanding issues that

would need to be addressed by a further hearing and were not the basis for the Court's remand

for an award of benefits. Thus, the Court addresses here only the issue of whether the

Commissioner's position was substantially justified with respect to the ALJ's finding that

PAGE 4 – OPINION AND ORDER

Plaintiff was not credible with respect to her physical symptom testimony relating to her fibromyalgia and the Commissioner's decision to litigate that finding before this Court.

The Commissioner argues that the ALJ's credibility determination was substantially justified because the ALJ properly discounted Plaintiff's testimony regarding her psychological symptoms, the ALJ's finding that Plaintiff's fibromyalgia symptoms had improved with medication was reasonable, and Plaintiff's activities of daily living did, in fact, conflict with her reported limitations. These same arguments were rejected by the Court in its original determination that the ALJ did not provide clear and convincing reasons to discount Plaintiff's testimony regarding her fibromyalgia symptoms and they do not meet the Commissioner's burden to show that the her position was substantially justified. *See Or. Natural Res. Council v. Madigan*, 980 F.2d 1330, 1332 (9th Cir. 1992) (rejecting the government's argument that because the relevant section of NEPA allowed for two equally compelling interpretations the government's position was substantially justified, noting that the fee determination was bound by the original determination on the merits rejecting this same argument and finding that the government's purportedly reasonable interpretation was arbitrary and capricious); *Cascadia Wildlands v. Bureau of Land Mgmt.*, 987 F. Supp. 2d 1085, 1091 (D. Or. 2013) (finding that opposition to a request for fees under the EAJA that "is premised on the same arguments" and is an "attempt to reargue the merits of the case" is unpersuasive).

The ALJ was not faced with a new and untested area of law. In deciding the merits of this case, the Court rejected the Commissioner's arguments and found that the ALJ's decision "was not consistent with clearly established law at the time the case was before [the ALJ]." *Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007). Accordingly, EAJA fees are warranted. *Id.* This case does not fall within the "decidedly unusual" category of cases "in which there is substantial

justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record," warranting the denial of EAJA fees. *Thangaraja*, 428 F.3d at 874 (quotation marks and citation omitted). Because the Court finds that the Commissioner was not substantially justified in its original agency action, the Court need not determine whether the Commissioner was substantially justified in its litigation position. *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013) ("Because the government's underlying position was not substantially justified, we need not address whether the government's litigation position was justified.").

**B. Amount of Fees**

The Commissioner does not object to the amount of the fees requested. The Court has reviewed Plaintiff's motion and finds that the requested EAJA fee amount is reasonable.

### CONCLUSION

Plaintiff's application for attorney's fees (Dkts. 31, 38) is GRANTED.  Plaintiff is awarded $6,303.74 for attorney's fees under 28 U.S.C. § 2412. EAJA fees are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Because Plaintiff has filed with the Court an assignment of EAJA fees to her counsel (Dkt. 31-2), if Plaintiff has no debt subject to the Treasury Offset Program, then Defendant shall cause the check to be made payable to Plaintiff's attorney and mailed to Plaintiff's attorney.  If Plaintiff owes a debt subject to the Treasury Offset Program, then the check for any remaining funds after offset of the debt shall be payable to Plaintiff and mailed to Plaintiff's attorney.

**IT IS SO ORDERED**.

DATED this 3rd day of September, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge